FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SHUPE; MARIA L. SHUPE, | No. 14-16241 |
| Plaintiffs-Appellants, | D.C. No. 4:11-cv-00501-RCC |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Richard and Maria L. Shupe appeal pro se from the district court's summary judgment in their action alleging a violation of the Telephone Consumer Protection Act of 1991 ("TCPA") and state law claims. We review de novo. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (9th Cir. 2013). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contrary to the Shupes' contention, Chase's calls to collect on a debt were exempt under the TCPA. *See* 47 U.S.C. § 227(b)(1)(B) (prohibiting the use of an artificial or prerecorded voice in a call to a residential telephone line unless exempted by a rule or order of the Federal Communications Commission); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Report and Order, 7 F.C.C. Rcd. 8752, 8773 ¶ 39 (Oct. 16, 1992) (debt collection calls are "covered by exemptions . . . for commercial calls which do not transmit an unsolicited advertisement").

The district court did not abuse its discretion in denying the Shupes' motion for leave to amend their complaint because they failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and holding that a party seeking amendment after the deadline set forth in the scheduling order must demonstrate good cause, the focus of which is the diligence of the moving party).

We reject as without merit the Shupes' contention that the district court failed to give them an opportunity to authenticate evidence they submitted in support of their motion for summary judgment.

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**